PER CURIAM.
An amended petition filed in the circuit court by a testamentary trustee alleged that a beneficiary of the trust was a resident of a European country in the communist orbit, and, suggesting the necessity for her protection, prayed for an order declaring the file and papers in the matter to be confidential and directing the clerk to withhold them from examination by the general public and that access thereto be limited to the parties to the proceeding and those interested under the trust and their attorneys.
Chapter 737 Fla.Stat., F.S.A. requires a testamentary trustee to establish his qualifications by petition filed in the circuit court (§ 737.02) and to account annually (§ 737.12), and confers on the court continuing supervisory power and jurisdiction to grant declaratory and other relief relating to the trust (§ 737.17). However, the statute contains a provision for a waiver thereof. Section 737.28, entitled “Inapplicability of Chapter 737” provides :
“Notwithstanding the provisions of chapter 737 or any other law requiring a testamentary trustee to qualify and account to any court, any person who in his last will and testament shall hereafter appoint a testamentary trustee, may in such will and testament or any codicil thereto, waive compliance by the trustee with the provisions of chapter 737 as such chapter now exists or may hereafter be amended * * *.”
The will, a copy of which was attached to the petition, waived the requirements of Chapter 737 Fla.Stat., F.S.A., the Trust Accounting Law, as follows:
“The trusts created under this will shall be administered in accordance with the laws of the State of Florida, however in accordance with Section 737.28 of the Florida Statutes, 1963, I waive compliance by the trustee with the provisions of Chapter 737, Florida Statutes as such chapter now exists or may hereafter be amended, and I further waive compliance with any other law requiring qualification, administration or accounting by such trustee to any court.”
When the amended petition came on for hearing the circuit judge dismissed it, by an order which recited, as the grounds for such action, that the trustee had not qualified as a trustee under the Florida Trust Accounting Law and “This court does not have jurisdiction of the trusts and the trustee until such time as the trustee submits himself to this court for qualification as trustee under the Florida trust accounting law.”
On appeal from that order the trustee questions the holding of the court that it did not have jurisdiction, and contends the court should have entertained the petition and granted the requested relief under its general equity powers and jurisdiction for supervision of trusts.
No error was committed in rejecting jurisdiction and dismissing the amended petition. The chancellor was correct in ruling that in view of the testator’s waiver of the provisions of the Trust Accounting Law, the trustee was not entitled to proceed thereunder. Nor was the court in error in dismissing the petition as one seek *828 ing relief under the general equity powers. This is so, because the amended petition sought, in effect, to have the circuit court seal the file of proceedings in the probate court. It was in the latter court that the documents were filed, and until the trustee filed his petition in the circuit court there were no documents in that court revealing the matters which the trustee sought to have removed from public inspection.
The order entered by the circuit court, based on a want of jurisdiction, did not dispose of the subject matter on its merits, and therefore the dismissal of the amended petition should be considered to have been without prejudice.
Affirmed.